Daniel, J.
Under the execution, issued to satisfy the first judgment mentioned in the case, the sheriff sold by the acre as much of the land that had been levied on, as made the debt and costs. This mode oí saléis not usual, we admit, but we cannot conceive that there is any thing illegal in it, and in this case there is no pretence of fraud in the sheriff, or loss by the debtor. If chattels are levied on, the sheriff sells the same in parcels, so as to make the debt by as few of them as he can conveniently. If he can save to the defendant a part of his land levied on, and satisfy the execution out of the remainder, the defendant must generally be benefitted by it. The sheriff is a high and responsible officer, and a reasonable discretion, exercised by him in making sales, either by exposing the whole tract or selling by the acre, we think is allowable : both the plaintiff and the defendant may. in many cases, be benefitted by it. In such sales by the acre, the sheriff will be under the necessity of having a survey made of the land sold, or the boundaries so described in his deed to the purchaser, as to identify the part sold. And the sheriff must be particular in describing the locality of the acres to the bidders at the sale.
Secondly; It was contended by the lessor of the plaintiff, that the second judgment, under which the defendant claimed title, was void ; because the preliminary notice to the ren *140 dering of such a judgment had not been properly proven to been given. The act (Rev. Stat. c. 45, s. 19,) does not prescribe .the mode, in which the service of the notice shall proved to the court, but it directs that th.e officer shall serve the defendant with notice in writing, at least five days before .the term at which the execution is .to be returned, and that the c.ourt shall not make an order of sale of the laud, until such notice has been given. The notice, it seems, cannot be executed by .any other person than the officer, whether he be sheriff or constable. It seems to us that it is in the nature oí a scieri facias, to shew .cause why the order of sale should not be made by the County Court, and that the return of the copy, with the officer’s certificate, signed by him in his name of office, as this is, is prima fa-cie evidence of the truth of it. The returns made by sheriffs and constables on all process and notices, which come into their hands to be executed, are- uniformly made in this way.1 Vide Rev. St. c. 62, s. 33, as to notices served by constables; the certificate of the constable on the written notice is declared to be evidence of the service of the notice. We do not think that the Legislature contemplated a different mode of proof of the service of the notice in this case, from that which had been usually received. That the court must adjudge and declare in the order of sale.made, that the notice was proved to them to have been previously given, is not, in our opinion, necessary to the validity of the order. The judgment must be affirmed,
Per, Curiam. Judgment affirmed.